MMB
56
FILED
APR 28 2011
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENT MORRIS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 10-5431 |
| PHILADELPHIA HOUSING AUTHORITY, et al., | : | |
| Defendants. | : | |

Baylson, J.                                                                 April 28, 2011

## MEMORANDUM ON MOTIONS TO DISMISS

Plaintiff Vincent Morris filed claims under 42 U.S.C. § 1983 and Pennsylvania's Whistleblower Law, 43 Pa. Stat. Ann. §§ 1421-28 (the "PWL"), against the Philadelphia Housing Authority ("PHA"), PHA Tenant Support Services, Inc. ("TSSI"), Carl Greene, Asia Coney, Diane Rosenthal, Carolyn Carter, Nellie Reynolds, Linda Staley, Gloria Redd, and John Does Number 1-10. (Compl., ECF No. 1.) Plaintiff is a former high ranking employee of PHA. Defendants, for the most part, filed separate motions to dismiss[1] asserting various grounds for dismissal, including insufficient pleading. Defendants' Motions to Dismiss require analysis of how the Supreme Court's decisions in Twombly and Iqbal impact on pleadings in civil rights cases, particularly because those decisions do not overrule seemingly contrary prior Supreme Court precedent.

---

[1] Staley (ECF No. 42), Carter (ECF No. 45), Rosenthal (ECF No. 46), and Greene (ECF No. 53) filed separate Motions to Dismiss. Reynolds filed together with PHA (ECF No. 43) and Coney and Redd filed with TSSI (ECF No. 44). Plaintiff filed a response to Greene's Motion (ECF No. 54) and an omnibus response to all other Defendants' Motions (Omnibus Resp., ECF No. 49.) Staley, Reynolds, and PHA then filed replies (ECF Nos. 50, 51) and the Court granted Plaintiff leave to file an omnibus sur-reply (ECF No. 52).

-1-

After a review of Plaintiff's Complaint and the Defendants' Motions to Dismiss, the Court will **grant in part** and **deny in part** Defendants' Motions, and will **grant** Plaintiff leave to file an Amended Complaint. The Court reserves decision on certain other legal arguments made by Defendants until Plaintiff has amended his Complaint.[2]

I. **Factual Background**

According to relevant allegations in the Complaint, Plaintiff served as PHA Executive Director Carl Greene's Executive Assistant from 1999 until his resignation in 2010. (Compl. ¶ 2.) In paragraphs 20 to 23 of his Complaint, Plaintiff asserts that PHA, as directed by Defendants Greene and Coney, abused federal funds granted to PHA under the "Moving to Work Demonstration Program," which the U.S. Department of Housing and Urban Development had funded. According to Plaintiff, the Program prohibited PHA "from using any federal funds for lobbying activity or to influence or attempt to influence the awarding of any federal contract." Certifications to HUD were required. Plaintiff contends that he discovered Greene and Coney directed the use of PHA funds for lobbying efforts in contravention of federal law. (Id. ¶¶ 2, 29-31.) He also alleges that sometime in 2007, while forced to serve as the treasurer of Equity PAC,[3] he discovered discrepancies in its records and refused to sign a Pennsylvania-required certification that no federal funds were used for political purposes. (Id. ¶¶ 1, 32-33.) Each time he complained regarding these activities, he contends Greene, Coney, and "others" reacted with "rage," "retaliation," and threats of termination. (Id. ¶¶ 2, 30-31, 33.)

---

[2] The Court is aware that there are several other pending cases in this District, which implicate similar legal issues, and will pay heed to how those cases proceed.

[3] Equity PAC is a political action committee that Coney directs. (Compl. ¶ 2.)

Plaintiff further alleges that all the individual Defendants conspired to constructively terminate him by demoting and transferring him to a position that paid $30,000 less than his position at the time. (Id. ¶¶ 5, 34.) He does not allege when these acts took place other than the refusal to sign in 2007 and his resignation in 2010. He does not allege any conduct in which the individual Defendants engaged, other than some facts alleged as to Greene and Coney. Plaintiff does not identify any other dates, including the date of his alleged constructive termination.

With regard to the other individual Defendants, Plaintiff identifies their positions at PHA or TSSI and contends they are responsible for ensuring compliance with federal, state, and local laws and regulations. (Id. ¶¶ 11-16.) Otherwise, he alleges, in the most conclusory language, they conspired to deprive Plaintiff of his rights under the First and Fourteenth Amendments. (Id. ¶ 5.)

## II. Jurisdiction and Standard of Review

The Court has jurisdiction over Plaintiff's § 1983 claims pursuant to 28 U.S.C. § 1331 and his state-law claim pursuant to 28 U.S.C. § 1367.

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true all well-pleaded factual allegations and must construe them in the light most favorable to the non-moving party. Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008).

The Third Circuit has addressed the effect of the Supreme Court's most recent pleading-standard decisions, Twombly v. Bell Atlantic Corp., 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). See Phillips, 515 F.3d at 233-34. Twombly established a three-pronged approach for all civil actions: first, the court must identify the elements Plaintiff must plead to

state a claim; second, the court asks whether the complaint sets forth factual allegations or conclusory statements; third, if the complaint sets forth factual allegations, the court must assume their veracity and draw reasonable inferences in favor of the non-moving party, but then must determine whether the factual allegations plausibly give rise to an entitlement to relief. Santiago v. Warminster Twp., 629 F.3d 121, 130 & n.7 (3d Cir. 2010); see Iqbal 129 S. Ct. at 1950, 1953. For the second step, the court should separate the factual and legal elements of the claims, must accept the well-pleaded facts as true, and may disregard any legal conclusions. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

District Court Judges have experienced difficulty in interpreting the Supreme Court's intent in Twombly and Iqbal. Particularly in the civil rights context, in Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, the Supreme Court specifically held that notice pleading under Rule 8 was proper. 507 U.S. 163, 168 (1993). The difficulty in following Leatherman is that its holding appears to be significantly undermined by Iqbal, yet Leatherman is not cited in either the majority or dissenting opinions of Iqbal. Further, before Twombly and Iqbal, the Third Circuit expressly held that the complaint in a civil rights case is subject to the liberal notice pleading standard of Rule 8(a). See Evancho v. Fisher, 423 F.3d 347, 352 (3d Cir. 2005). The Third Circuit has not yet issued a precedential opinion squaring its holding in Evancho with those of Twombly and Iqbal, but it did discuss the implications of Twombly in Phillips, a § 1983 case. See Phillips, 515 F.3d at 230-35.

The undersigned, formerly a member of the Advisory Committee on Civil Rules, knows that many practitioners and judges share in the confusion resulting from Iqbal's seemingly strong requirement of factual pleadings in the absence of any specific overruling of prior cases allowing

traditional notice pleading. The Court concludes that notice pleading is still the rule, because Rule 8 is still in effect, but that the concept of notice pleading has changed – and must be accompanied by either factual or legal assertions satisfying the elements of the claims made. See id. at 234. In other words, "notice pleading" now requires "notice" of at least those facts necessary to raise an inference that Plaintiff has a claim. See id. at 234-35 (concluding Rule 8 requires "some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation").

Nevertheless, it is "true that judging the sufficiency of a pleading is a context-dependent exercise. Some claims require more factual explication than others to state a plausible claim for relief." W. Penn Allegheny Health Sys. v. UPMC, 627 F.3d 85, 98 (3d Cir. 2010) (reversing district court's application of heightened scrutiny in antitrust context) (citations omitted). Thus, pleading a civil rights claim may require fewer factual allegations than pleading an antitrust conspiracy or other complex business dispute. Cf id. (suggesting a claim for simple assault may require fewer factual allegations than a claim for an antitrust conspiracy).

To state a claim, a plaintiff must allege circumstances with enough factual matter to suggest the required claim exists. Phillips, 515 F.3d at 234. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of the claims. Iqbal, 129 S. Ct. at 1949; Phillips, 515 F.3d at 234. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009).

## III. Section 1983 Claims

The Third Circuit employs a three-step burden-shifting approach for evaluating a public employee's § 1983 claim of retaliation for engaging in protected activity under the First Amendment. See Reilly v. City of Atlantic City, 532 F.3d 216, 224 (3d Cir. 2008). Under this approach:

> "(1) the employee must demonstrate that his/her speech is protected, that is, it addresses a matter of public concern and the 'employee's interest in the speech outweighs' the employer's countervailing interest 'in promoting workplace efficiency and avoiding workplace disruption' (i.e., the balancing test established in Pickering v. Bd. of Educ., 391 U.S. 563 (1968)); (2) the employee must prove that his/her speech was 'a substantial or motivating factor' in the retaliatory action against him/her, which, if proven; (3) shifts the burden to the employer to prove that the 'allegedly retaliatory action would have been taken absent the protected [speech].'"

Id.

Although the Court should apply a liberal interpretation to the pleadings of a civil rights plaintiff to facilitate individuals litigating alleged deprivations of constitutional rights in Federal Court, the Court cannot ignore the requirements of Iqbal. A clear requirement of Plaintiff's § 1983 claim is that his speech was protected, which requires Plaintiff to satisfy the elements set forth above in Reilly. However, Plaintiff has failed to allege any facts to raise a plausible inference that his alleged speech is protected. In Garcetti v. Ceballos, the Supreme Court held that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." 547 U.S. 410, 421 (2006). This is a "practical" and "nuanced" question of law and fact. See Foraker v. Chaffinch, 501 F.3d 231, 239, 240 & n.7 (3d Cir. 2007) (citing Garcetti, 547 U.S. at 424). Plaintiff should consider,

assuming he is going to amend his Complaint, alleging such facts as identifying the content of his alleged speech, the context, the audience, the impetus, or the timing, all of which would give notice to Defendants, and which will raise a plausible inference that his speech is protected. Plaintiff only alleges that he complained to Green, Coney, and "others" of certain conduct, and that those complaints were met with "rage" and "retaliation." (See Compl. ¶¶ 29-33.)

Nor has Plaintiff alleged sufficient facts to show a causal connection between his alleged speech and constructive termination. The second step in the burden-shifting approach consists of two parts: (1) the alleged retaliation must be sufficient to deter a person of ordinary firmness from exercising First Amendment rights, and (2) there must be a causal connection between the speech and the retaliation, i.e. the speech was a substantial or motivating factor. See Revell v. City of Jersey City, 394 F. App'x 903, 906 (3d Cir. 2010). The employee can show the requisite causal connection through (1) an unusually suggestive temporal proximity between the speech and the adverse employment action, (2) a pattern of antagonism coupled with timing, or (3) an inference of causation gleaned from the record as a whole. Id.; see Gladysiewski v. Allegheny Energy, 398 F. App'x 721, 723-24 (3d Cir. 2010). Plaintiff must also allege that the decision-makers for the adverse action were aware of the allegedly-protected conduct. Ambrose v. Twp. of Robinson, 303 F.3d 488, 493 (3d Cir. 2002).

Plaintiff's Complaint is deficient with regard to causation. There is no identification of dates, or at least of events taking place in a certain sequence and proximity that led to the Plaintiff's alleged constructive termination. The Court does not suggest that Plaintiff must plead every specific fact in his Amended Complaint, but he must make general factual or legal allegations to satisfy these new pleading standards. In Plaintiff's "Omnibus Response" he does

identify some dates, but this discussion in a brief is not part of a pleading. See Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quotations omitted). Nor are there any factual allegations to suggest a pattern of antagonism because Plaintiff only alleges that each individual complaint was met with "rage" and "retaliation." (See Compl. ¶¶ 29-33.)

Plaintiff has chosen to sue a large number of people. Although he does allege some specific facts as to Greene and Coney, he fails to allege how the other Defendants were personally involved in the alleged retaliatory acts. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (stating § 1983 plaintiff must show each defendant's personal involvement in alleged violations). Plaintiff can satisfy this requirement with factual allegations of direct participation, personal direction, or knowing acquiescence in the retaliatory conduct. See Santiago, 629 F.3d at 129; Rode, 845 F.2d at 1207. Plaintiff has offered no factual allegations to show the other Defendants' personal involvement in the retaliatory acts. He offers broad and conclusory allegations that when he complained to Greene, Coney, and "others," they reacted with "rage" and "retaliation." Otherwise, he contends the remaining Defendants are responsible for ensuring compliance with federal, state, and local laws, but nothing in his Complaint suggests they participated, directed, or were even aware of his speech or the alleged retaliation. Allegations that "others" retaliated are not enough.[4]

Further, his conclusory assertion that Defendants "conspired" to retaliate against him is

---

[4] If after further investigation Plaintiff is unable to allege each Defendant's personal involvement, Plaintiff should re-consider the propriety of asserting claims against those Defendants.

not sufficient. Other Judges in this Court have held, to survive a motion to dismiss a conspiracy claim, Plaintiff must allege facts allowing an inference of combination, agreement, or understanding among all or between any defendants to violate the plaintiff's rights. Gerhart v. Pennsylvania, No. 09-1145, 2009 WL 2581715, at *6 (E.D. Pa. Aug. 13, 2009) (Golden, J.). Allegations of fact such as the period of the conspiracy, the object of the conspiracy, and actions of the conspirators taken to achieve that purpose are necessary. "A mere incantation of the words 'conspiracy' or 'acted in concert' does not talismanically satisfy the pleading requirements for [facts to support] a conspiracy claim." Kost v. Dep't of Pub. Welfare, No. 07-2404, 2009 WL 466166, at *4 (E.D. Pa. Feb. 24, 2009) (Jones II, J.). In his Complaint, Plaintiff merely invokes the terms "conspiracy" and "acted in concert," but it is clear these alone are insufficient to survive a motion to dismiss.

In addition, several Defendants argue that Plaintiff asserted a Fourteenth Amendment Due Process claim in his Complaint; however, Plaintiff disavows making any such claim. (Omnibus Resp. § II.B.) Presumably, Plaintiff cites the Fourteenth Amendment, quite properly, for the proposition that the First Amendment applies to state actors through the Fourteenth Amendment. Plaintiff should amend his Complaint to clarify which claims he is making.

Finally, Plaintiff relies on a PHA internal report to argue that a policy or custom exists to justify his Monell claims. He also contends that discovery will reveal sufficient facts to support his claims. First, the Court cannot consider materials outside the pleadings on a motion to dismiss under Rule 12(b)(6) and, therefore, excludes the internal report. See Fed. R. Civ. P. 12(d). Second, if Plaintiff cannot make sufficient factual allegations to survive a motion to dismiss, he is not entitled to discovery. The plausibility standard calls for enough facts to raise a

reasonable expectation that discovery will reveal evidence of the necessary elements of the claims. Iqbal, 129 S. Ct. at 1949; Phillips, 515 F.3d at 234. Plaintiff's Complaint in its current form does not raise this reasonable expectation.

## IV. Pennsylvania Whistleblower Law

Defendants assert two arguments for dismissing Plaintiff's PWL claim: (1) the Complaint does not identify the date of his constructive discharge and may be barred by the PWL's 180-day statute of limitations, and (2) Plaintiff does not allege a causal connection between his alleged reports and his constructive termination.

The PWL imposes a 180-day statute of limitations for civil actions filed pursuant to its provisions. See 43 Pa. Stat. Ann. § 1424(a). Plaintiff filed his Complaint on October 14, 2010, so any alleged retaliatory acts within the preceding 180 days are actionable. Plaintiff, however, assigns no dates to the alleged retaliation he suffered – not for the alleged "rage" and "retaliation" after each report nor for his constructive termination. Although he clarified the date of his resignation in his Omnibus Response, that is not the proper means of amending a complaint. See Zimmerman, 836 F.2d at 181. Plaintiff must set forth the dates of the alleged retaliatory acts in his Amended Complaint.

Further, to make out a prima facie case under the PWL, a plaintiff must allege facts or surrounding circumstances that his report led to the prohibited retaliation, such as he was specifically directed or informed not to report or that there would be adverse consequences if he made the report. Golaschevsky v. Dep't of Envtl. Prot., 720 A.2d 757, 759 (Pa. 1998); see O'Rourke v. Dep't of Corr., 778 A.2d 1194, 1200 (Pa. 2001) (stating plaintiff must come forward with some evidence of a connection between the report and the alleged retaliation).

Plaintiff cannot rely on vague and inconclusive circumstantial evidence. See Golaschevsky, 720 A.2d at 759.

Plaintiff failed to make such factual allegations in his Complaint. He does not allege the content of his claims (to allow the Court to determine whether they are protected by the PWL), or the context in which he made the claims, including to whom, when, and how. Further, he has failed to allege any concrete facts or surrounding circumstances to show a causal connection between the report and the alleged retaliation. He does not identify who took what action when, or whether there were any preceding instructions, admonitions, or warnings. Although Plaintiff cannot rely on vague and inconclusive circumstantial evidence, he does not even offer allegations of that quality.[5]

## V. Conclusion

For the foregoing reasons, the Court will **grant in part** and **deny in part** Defendants' Motions to Dismiss. Plaintiff is granted leave to amend his Complaint in conformity with this Memorandum within twenty-one (21) days. The Court reserves decision on all other grounds for dismissal until that time.

An appropriate Order will follow.

O:\Todd\10-5431 Morris v. PHA et al\Morris - Memo re MTD - FINAL.wpd

---

[5] If after further investigation Plaintiff is unable to make such allegations as to each Defendant, Plaintiff should re-consider the propriety of asserting a PWL claim against those Defendants.